### In re THE CELOTEX CORPORATION and CAREY CANADA, INC., Debtor.

**Asbestos Settlement Trust, Plaintiff,**

**v.**

**Anderson Memorial Hospital, Defendant.**

**Bankruptcy No. 8:90–bk–10016–PMG.**
**Adversary No. 8:02–ap–521–PMG.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Jan. 11, 2008.

Adam L. Alpert, Andrew T. Jenkins, Shane G. Ramsey, Jeffrey W. Warren, Bush Ross, P.A., Tampa, FL, for Plaintiff.

Harley E. Riedel, Stichter, Riedel, Blain & Prosser, Tampa, FL, Amanda G. Steinmeyer, Hampton, SC, for Defendant.

## ORDER ON ANDERSON MEMORIAL HOSPITAL'S MOTION TO DISMISS ADVERSARY PROCEEDING

PAUL M. GLENN, Chief Judge.

**THIS CASE** came before the Court for hearing to consider the Motion to Dismiss Adversary Proceeding filed by the Defendant, Anderson Memorial Hospital.

The Plaintiff, the Asbestos Settlement Trust, commenced this adversary proceeding by filing a Complaint for Declaratory Relief as to Asbestos Property Damage Claims Submitted by Anderson Memorial Hospital. Generally, the Asbestos Settlement Trust (the Trust) requested the entry of a judgment determining that certain claims submitted by the Defendant, Anderson Memorial Hospital (Anderson), did not satisfy the legal prerequisites for payment by the Trust and should not be paid.

In the Motion currently before the Court, Anderson asserts that the adversary proceeding should be dismissed because it is no longer necessary, and because it is inappropriate, unauthorized, and contrary to a recent Opinion issued by the Eleventh Circuit Court of Appeals with

respect to a separate Property Damage claimant.

## Background

The Trust was created pursuant to the Order Confirming the Modified Joint Plan of Reorganization for Celotex and Carey Canada that was entered by the Bankruptcy Court on December 6, 1996. *In re The Celotex Corporation*, 204 B.R. 586 (Bankr. M.D.Fla.1996). The purpose of the Trust, according to the Plan Documents, is to "assume the liabilities of the Debtors, their successors in interest and their affiliates, arising from or relating to Asbestos Claims and to use the Trust's assets and income to pay holders of Allowed Asbestos Claims in accordance with the Trust Agreement...." (Second Amended and Restated Asbestos Settlement Trust Agreement, ¶ 2.2).

The Plan Documents also provide that the allowance of Asbestos Property Damage Claims "shall be administered" by a Property Damage Claims Administrator (PDCA) in accordance with the Third Amended and Restated Asbestos Property Damage Claims Resolution Procedures (APDCRP).

Anderson submitted multiple Property Damage Claims to the PDCA for processing. Certain of the Property Damage Claims were allowed by the PDCA and submitted to the Trust for payment. The Trust, however, asserted that the Claims did not satisfy the legal prerequisites for payment as provided in the Plan Documents, and declined to pay them.

The Trust's nonpayment of Anderson's allowed Claims was part of a larger "fundamental dispute regarding the relative powers of the Administrator and Trustees over the allowance and payment of PD claims." (Opinion of the Eleventh Circuit Court of Appeals, Main Case Doc. 13822, p. 10).

The issue currently before the Court involves fifty-two Claims that were submitted by Anderson and allowed by the PDCA, but remain unpaid. According to the Trust, the aggregate amount of the allowed, unpaid Claims equals the sum of $268,204,287.74. (Doc. 69, p. 2).

In 2002, the Trust commenced this adversary proceeding by filing a Complaint for Declaratory Relief as to Asbestos Property Damage Claims Submitted by Anderson Memorial Hospital.

In the Motion to Dismiss currently before the Court, Anderson does not rely on any of the grounds for dismissal generally set forth in Rule 12(b) of the Federal Rules of Civil Procedure. Instead, Anderson contends that the adversary proceeding should be dismissed because it is unnecessary, and because it is inconsistent with a recent Opinion issued by the Eleventh Circuit Court of Appeals with respect to the dispute involving the Trust's nonpayment of allowed Property Damage Claims.

## Discussion

The Court finds that Anderson's Motion to Dismiss Adversary Proceeding should be denied for three separate reasons: (1) The decision of the Eleventh Circuit Court of Appeals does not mandate dismissal; (2) The Trust properly filed and has properly pursued the adversary proceeding; and (3) Dismissal may adversely affect the rights of the Trust Advisory Committee and the Legal Representative as parties in interest in the proceeding.

### A. The decision of the Eleventh Circuit Court of Appeals does not mandate dismissal.

On May 29, 2007, the Eleventh Circuit Court of Appeals issued an Opinion with respect to certain Asbestos Property Damage Claims submitted by the City of New

York. (Main Case, Doc. 13822). Generally, the Eleventh Circuit determined that the Plan Documents assign to the PDCA "virtually exclusive authority over the day-to-day processing and the allowance or disallowance of PD claims." (Doc. 13822, p. 17). According to the Eleventh Circuit, the Plan Documents do not grant any authority to the Trustees to independently review and overrule the PDCA's decisions regarding the allowance or disallowance of Property Damage Claims. (Doc. 13822, pp. 23–24, 28).

Instead, the Eleventh Circuit determined that the PDCA's "actions and decisions in resolving PD claims are subject to review only for an abuse of his discretion under the APDCRP." (Doc. 13822, p. 32). In the event that the Trustees have reason to believe that specific decisions by the PDCA constitute an abuse of discretion, and the issue cannot be resolved by consulting with the PDCA, the Eleventh Circuit concluded that the Trust's "only recourse is to apply to the bankruptcy court for instructions." (Doc. 13822, p. 35).

In the Motion to Dismiss Adversary Proceeding that is currently before the Court, Anderson asserts that the Trust can "only" proceed by filing a request for instructions in the Bankruptcy Court regarding its allegation of abuse of discretion. Further, Anderson interprets the Eleventh Circuit's Opinion to mean that the Trust's request for instructions should be resolved solely by referring to the Plan Documents, including the APDCRP, without the need for any adversary proceeding or its attendant discovery. (Transcript, p. 53). According to Anderson, therefore, the Trust's efforts to sustain this adversary proceeding are inconsistent with the Eleventh Circuit's Opinion, and the proceeding should be dismissed. (Transcript, p. 49).

On September 20, 2007, the Trust filed a Motion Seeking Instructions regarding Anderson's Claims in the main bankruptcy case. (Main Case, Doc. 13872).

On the same date, the Trust also filed a virtually identical Motion Seeking Instructions in this adversary proceeding. (Doc. 69).

Finally, the Trust subsequently filed a Motion to consolidate the Motion Seeking Instructions that it had filed in the main case with the adversary proceeding that is currently at issue. (Doc. 71).

The Court finds that the Trust's election to file and pursue its Motion for Instructions in connection with the existing adversary proceeding is not inconsistent with the Eleventh Circuit's Opinion, and that the Opinion does not require dismissal of this proceeding.

The Court has reviewed the Opinion in its entirety, and finds that the Eleventh Circuit set forth only two requirements for the filing of a request for instructions by the Trust.

■ First, the request must be filed in the Bankruptcy Court. (Main Case, Doc. 13822, pp. 35–37). As noted by the Eleventh Circuit, it is a matter of general trust law that a "trustee who is in doubt as to the interpretation of the instrument can protect himself by obtaining instructions from the court." *Firestone Tire and Rubber Company v. Bruch*, 489 U.S. 101, 112, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). (Main Case, Doc. 13822, p. 35). This basic principle of trust law is also found in the comments following § 185 and § 201 of the Restatement (Second) of Trusts. (Main Case, Doc. 13822, pp. 35, 37). See, for example, Restatement (Second) of Trusts, § 185, comment e("If the holder of the power insists upon compliance notwithstanding the objection of the trustee, it is

the duty of the trustee to apply to the court for instructions.").

With respect to the specific trust at issue in this case, the Eleventh Circuit found that the Bankruptcy Court is the appropriate Court to hear and resolve the Trust's request for instructions, since the Bankruptcy Court has expressly retained jurisdiction "for just such purposes." (Main Case, Doc. 13822, pp. 35–36). In reaching this determination, the Eleventh Circuit looked to § 13.3 of the Modified Joint Plan of Reorganization for the Celotex Corporation and Carey Canada, Inc., and to § 9.13 of the Second Amended and Restated Asbestos Settlement Trust Agreement. *See also In re The Celotex Corporation,* 204 B.R. at 630–31(After confirmation, the Bankruptcy Court retains jurisdiction to enforce and interpret the terms and conditions of the Plan Documents and the Trust Documents.).

The Trust's request for instructions must be filed in the Bankruptcy Court.

Second, the request for instructions must be filed "promptly and without undue delay." (Main Case, Doc. 13822, pp. 36–37). In reaching its determination that the Trust must file its request promptly, the Eleventh Circuit looked to § 8.4 of the Second Amended and Restated Asbestos Settlement Trust Agreement, which authorizes the Trust to "apply to the Bankruptcy Court on an expedited basis" in the event that the Trust and the PDCA are unable to reach agreement on any matter which requires the PDCA's consent. The Eleventh Circuit also found that the Trust must act promptly in seeking instructions from the Bankruptcy Court in order to comply with its fiduciary duties to all claimants under the Plan. (Main Case, Doc. 13822, pp. 36–37).

In summary, the Eleventh Circuit determined that any request for instructions by the Trust (1) must be filed in the Bank-

ruptcy Court, and (2) must be filed "promptly and without undue delay." Beyond these two requirements, however, the Court finds no indication in the Opinion that the Eleventh Circuit intended to set forth any procedures or regulations regarding the manner in which a request for instructions must be filed or determined.

As set forth above, Anderson contends that the request should be resolved solely on the Plan Documents, without invoking the rules that typically govern adversary proceedings. The Eleventh Circuit's Opinion, however, does not contain any procedural requirements for the administration of a request for instructions by the Bankruptcy Court, does not refer either to contested matters or to adversary proceedings, and does not address the nature of the proceeding initiated by a request for instructions.

The Trust's pursuit of its Motion Seeking Instructions in this adversary proceeding is not contrary to the Opinion of the Eleventh Circuit, and the Eleventh Circuit's Opinion does not mandate dismissal of the adversary proceeding.

**B. The Trust properly filed and has properly pursued the adversary proceeding.**

The Trust initially filed the Complaint commencing this adversary proceeding pursuant to an Order entered by the Court. The relief sought in the Complaint is substantially related to the relief requested by the Trust in the Motion Seeking Instructions filed in the adversary proceeding. Consequently, the Court finds that it is appropriate for the Trust to pursue its Motion Seeking Instructions in the context of the adversary proceeding.

On December 6, 2001, the Court entered an Order Regarding the Property Damage Advisory Committee's Motion to Compel

the Celotex Asbestos Settlement Trust to Pay Property Damage Claims. (Main Case, Doc. 12874). In the Order, the Court set forth a procedure to address Asbestos Property Damage Claims that had been allowed by the PDCA, but which the Trust declined to pay. Generally, the Order provided that the Trust must initially allow the PDCA an opportunity to correct any errors alleged by the Trust in the allowance of particular Claims. If the PDCA thereafter resubmitted the Claims for payment, the Order provided that "the Trust shall have thirty (30) days to either pay the Resubmitted Claim or file an adversary proceeding in this Court." (Main Case, Doc. 12874, p. 2).

On July 3, 2002, the Trust filed the Complaint commencing this adversary proceeding in accordance with the Court's Order. (Doc. 1).

On September 22, 2005, the Trust filed an Amended Complaint for Declaratory Relief as to Asbestos Property Damage Claims Submitted by Anderson Memorial Hospital. (Doc. 56). In the Amended Complaint, the Trust seeks a declaratory judgment determining that the disputed Claims filed by Anderson fail to satisfy the legal prerequisites for payment. The reasons for the request are set forth in five separate Counts: (1) there is no evidence of a legally viable cause of action because Anderson lacked authority to file the disputed Claims; (2) the Claims are barred as a matter of law due to Anderson's lack of standing; (3) the owners of the property involved in the Claims failed to file a timely proof of claim; (4) the Claims are barred by the statute of limitations or statute of repose; and (5) the Claims are not Dana Pre–Existing Claims.

On September 20, 2007, the Trust filed its Motion Seeking Instructions Regarding Payment of Fifty–Two Asbestos Property Damage Claims Submitted by Anderson Memorial Hospital. (Doc. 69). In the Motion, the Trust identified the issue as whether the Trust should pay "the individual asbestos property damage claims of fifty-two building owners who did not timely file a proof of claim in the Reorganization Cases and who rely instead on a timely filed proof of claim filed by Anderson." (Doc. 69, p. 2). In the Legal Analysis contained in the Motion, the Trust asserts that (1) Anderson lacked legal authority and standing to file the Claims on behalf of the building owners; (2) certain of the Claims are barred by the statute of limitations or statute of repose; and (3) certain of the Claims are Non–Dana Pre–Existing Claims.

In summary, the adversary proceeding was initially filed in accordance with the procedure that had been established by the Court. The proceeding remained pending continuously until September of 2007, when the Trust filed its Motion Seeking Instructions pursuant to the Eleventh Circuit's Opinion. The issues raised by the Trust in its Motion Seeking Instructions are substantially related, if not identical, to the issues raised by the Trust in the Amended Complaint and Complaint that initiated the adversary proceeding. In other words, the Trust's objections to payment of Anderson's claims are essentially the same in both the Motion Seeking Instructions and the underlying adversary proceeding.

Under these circumstances, the Court finds that the Trust appropriately filed and pursued the Motion Seeking Instructions in the context of the adversary proceeding. The adversary proceeding should not be dismissed on the basis that the Motion Seeking Instructions must be pursued as a contested matter in the main bankruptcy case.

**C. Dismissal of the adversary proceeding may adversely affect the rights of the Trust Advisory Committee and the Legal Representative as parties in interest.**

As set forth above, Anderson contends that the Motion Seeking Instructions should be resolved solely on the Plan Documents, without the need for an adversary proceeding or the discovery permitted under Part VII of the Federal Rules of Bankruptcy Procedure.

As also shown above, the Eleventh Circuit's Opinion does not contain any procedural requirements for the administration of a Motion Seeking Instructions by the Bankruptcy Court. Consequently, the Opinion does not preclude the prosecution of a Motion Seeking Instructions in the context of an adversary proceeding, and does not prescribe the type of record that should be developed for the purpose of resolving the Motion.

In other words, a threshold issue with respect to the Motion for Instructions may be whether the Court can resolve the request summarily, based solely on the Plan Documents as asserted by Anderson, or whether an evidentiary hearing will be required to determine if the PDAC abused his discretion when he allowed Anderson's Claims. (Transcript, p. 65).

The Motion Seeking Instructions is in its preliminary stages, and no decision has yet been made with respect to the type of record that will be necessary for a fair disposition of the issues. In the event that the Court ultimately determines that evidence is required, however, the Legal Representative and the Trust Advisory Committee (TAC) assert that discovery is appropriate to fully develop the factual record and to assist the Court in its evaluation of the Trust's request. (Transcript, p. 65).

The Court previously entered an Order on Joint Motion for the Legal Representative and the Trust Advisory Committee to Intervene in Adversary Proceeding No. 02–521. (Doc. 34). In the Order, the Court concluded that the Legal Representative and the Trust Advisory Committee (TAC) are "parties in interest" who may "appear and be heard on any issue" in the Celotex case, including this adversary proceeding, pursuant to § 1109(b) of the Bankruptcy Code. The Court also concluded that the Legal Representative and the TAC are entitled to intervene in the adversary proceeding pursuant to Rule 24(a)(1) and Rule 24(a)(2) of the Federal Rules of Civil Procedure, because they each have an interest in the property that is the subject of the proceeding, their interest may be impaired if intervention is not allowed, and their interests are unique. (Doc. 34, p. 12).

Additionally, the rights granted to the Legal Representative and the TAC in the Order specifically include the "right to participate in motions practice, oral argument, discovery, evidentiary hearings, appeals, and settlement discussions." (Doc. 34, p. 13).

The Legal Representative and the TAC have initiated certain discovery related to the Trust's Motion Seeking Instructions by serving interrogatories, a request for admission, and a request for production of documents on Anderson. Anderson has objected to the discovery propounded. (Doc. 80).

The status of the Legal Representative and the TAC as parties in interest in this proceeding, and the accompanying right to propound discovery, have been established in this adversary proceeding. This established status would be adversely affected if the adversary proceeding were dismissed, and the Legal Representative and the TAC were required to re-litigate their

902

right to undertake discovery in connection with the Motion Seeking Instructions filed in the main bankruptcy case. In other words, dismissal of the adversary proceeding would impair the judicially-established rights of the Legal Representative and the TAC to participate in the resolution of the dispute between the Trust and Anderson.

### Conclusion

Anderson's Motion to Dismiss Adversary Proceeding is not based on any of the grounds for dismissal generally set forth in Rule 12(b) of the Federal Rules of Civil Procedure. The Court has considered the grounds for dismissal asserted by Anderson, however, and finds that the Motion should be denied because (1) the Opinion of the Eleventh Circuit Court of Appeals does not mandate dismissal; (2) the Trust properly filed and has properly pursued the adversary proceeding; and (3) dismissal may adversely affect the rights of the Legal Representative and the TAC as parties in interest in the proceeding.

Accordingly:

**IT IS ORDERED** that the Motion to Dismiss Adversary Proceeding filed by the Defendant, Anderson Memorial Hospital, is denied.